UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 21 2011

PER _____ / DEPUTY CLERK

LEO OLADIMU, aka LEO V. FELTON,

    Petitioner,

v.

UNITED STATES,

    Respondent.

Civ. No. 3:11-CV-1395

(Judge Kosik)

**ORDER**

AND NOW, THIS 21st day of November, 2011, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Leo Oladimu a.k.a. Leo V. Felton, an inmate currently incarcerated at United States Penitentiary ("USP") Hazelton, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 10, 2011. (Doc. 1).

(2) Petitioner was originally sentenced for a term of two hundred sixty-two (262) months. (Doc. 1, p. 2). However, the case was remanded back to the District Court of Massachusetts for resentencing and Petitioner was resentenced to a term of three hundred twenty-two (322) months on December 14, 2006. (*Id.*).

(3) In the Petition, Petitioner challenges the Bureau of Prison's ("BOP") calculation of his sentence and the BOP's disallowance of Good Conduct Time ("GCT"). (*See id.*).

(4) The Petition was originally filed in the United States District Court for the District of Massachusetts, but due to Petitioner's incarceration at USP Lewisburg at the time of filing, the Massachusetts District Court transferred the action to this Court. (Doc. 5).

(5) The case was assigned to Magistrate Judge J. Andrew Smyser.

(6) Respondents filed a Response to Petition for Habeas Corpus (Doc. 17), exhibits (Doc. 18), and an amendment to the Response to Petition for Habeas Corpus that sealed one of the documents. (Doc. 20, *see also* Doc. 21, 22).

(7) The Magistrate Judge issued a Report and Recommendation on October 24, 2011

recommending that Petitioner's Petition for Writ of Habeas Corpus be denied because the sentence was correctly calculated by BOP and that the GCT was properly disallowed as a punishment for disciplinary actions. (*See* Doc. 23).

(8)  Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Petitioner failed to file objections.

AND IT FURTHER APPEARING THAT:

(9)  If no objections are filed to a Magistrate Judge's Report and Recommendation, the petitioner is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-153 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987).

(10) Petitioner claims that the BOP miscalculated his sentence received on December 14, 2006 by taking away two hundred seventeen (217) days of GCT that had already been deducted from his original sentence. (Doc. 1, ¶ 2).

(11) Petitioner had not exhausted all of his administrative remedies prior to petitioning for a writ of habeas corpus in regards to his sentence calculation claim. (*See* Doc. 23). As the Magistrate Judge correctly points out, when petitioner does not exhaust his administrative remedies prior to filing a § 2241 petition, the Court may, in its discretion, excuse the failure to exhaust and address the merits or require the petitioner to exhaust his administrative remedies. (Doc. 23, p. 5-6); *See also Ridley v. Smith,* 179 Fed. Appx. 109, 111 (3d Cir. 2006) (internal citations omitted). Despite Petitioner's lack of exhaustion prior to filing his Petition, his administrative remedies have now been exhausted after the fact. (Doc. 23, p. 6). Therefore, we will address the merits of

   Petitioner's claim.

(10) As the Magistrate Judge points out, pursuant to the BOP Program Statement 5880.28 Sentence Computation Manual when a prisoner is resentenced, the beginning term on which the resentence is commenced, is the same date as the original computation.

(11) When calculating Petitioner's new sentence, the BOP determined that the resentence would commence on December 11, 2002, the same date as the original computation. (Doc. 23, p. 7). Petitioner was awarded credit for time served from April 19, 2001 through December 10, 2002 by the BOP. (*Id.*). Petitioner's loss of 217 days of GCT was not deducted twice from Petitioner's sentence.

(12) Moreover, Petitioner claims that there was an improper disallowance of GCT as a result of punishment for disciplinary actions. (Doc. 1, ¶ 3). This improper disallowance allegedly concerns due process rights violations in four separate disciplinary hearings. (*Id.* at 3,5) Petitioner further asserts that he was prevented from making a timely appeal for these disciplinary actions in violation of his due process rights. (*Id.*).

(13) As the Magistrate Judge indicates, a prisoner has a constitutionally protected liberty interest in GCT. See *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). "Where a prison disciplinary hearing may result in the loss of [GCT], *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985) (internal citations omitted).

(14) In each of the disciplinary hearings, there was some evidence to support the disciplinary hearing officer's conclusion that the Petitioner was guilty of the charged

offense; Petitioner was permitted to present evidence and testimony; the disciplinary hearing officer only made a determination after hearing the testimony and reviewing the evidence and stated the evidence and findings of fact in a separate written report for each incident; and the decisions were supported by "some evidence." (*See* Doc. 23, p. 9-12).

(15) Finally, while Petitioner was not provided with written statements immediately after the hearings were completed, as the Magistrate Judge points out, Petitioner has since been provided with the written reports and was granted twenty (20) days in accordance with BOP regulations to appeal each decision. (Doc. 23, p. 12-13). Since this error has been corrected and Petitioner has not shown that he suffered any prejudice as a result of this delay, the Petitioner is not entitled to a writ of habeas corpus. (*Id.* at 13-14).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The October 24, 2011 Report and Recommendation of Magistrate Judge Smyser (Doc. 23) is ADOPTED;

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED; and

(3) The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge